UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
SEA BIRD SHIPPING LTD.,
                                    :
            Plaintiff,
                                    :          **MEMORANDUM DECISION**
      - against -
                                    :          09 Civ. 00795 (DC)
WINDROSE SPS SHIPPING &
TRADING S.A.,                       :

            Defendant.              :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**          BLANK ROME LLP
                              By: Thomas H. Belknap, Jr., Esq.
                          405 Lexington Avenue
                          New York, New York  10174
                          Attorneys for Plaintiff

                          BROWN GAVALAS & FROMM LLP
                              By: Peter Skoufalos, Esq.
                          355 Lexington Avenue
                          New York, New York  10017
                          Attorneys for Defendant

**CHIN, District Judge**

            On October 26, 2009, the Court issued an order

directing plaintiff to address the impact on this case of the

Second Circuit's decision in Shipping Corp. of India Ltd. v.

Jaldhi Overseas PTE LTD, Nos. 08-3477, 08-3578, 2009 WL 3319675

(2d Cir. Oct. 16, 2009).   Jaldhi ruled that electronic fund

transfers ("EFTs") in the temporary possession of an intermediary

bank are not attachable property under Rule B.   The order

directed plaintiff to show cause why (1) the order in this case

authorizing the process of maritime attachment and garnishment

should not be vacated; and (2) the complaint should not be

dismissed.

On October 27, 2009, plaintiff requested an extension of time in which to respond to the order to show cause. The extension was granted. On November 16, 2009, plaintiff submitted its response. On December 4, 2009, defendant submitted opposition papers. On December 7, 2009, plaintiff submitted a reply. In its memoranda, plaintiff makes two principal arguments: (1) the present case warrants an exception to the retroactive application of Jaldhi because plaintiff has "relied" on its attachment; and (2) the attached EFT funds now constitute "property" within the district because they have been segregated into a separate bank account.

Both of plaintiff's arguments are rejected. First, the fact that plaintiff has relied upon on its Rule B attachment does not distinguish it from countless other Rule B plaintiffs in this district. The Second Circuit has made clear that the Jaldhi rule is jurisdictional in nature, and is to be applied retroactively. See Hawknet Ltd. v. Overseas Shipping Agencies, No. 09-2128, 2009 WL 3790654 (2d Cir. Oct. 16, 2009). Plaintiff argues the Court should not yet rely on Hawknet because plaintiff-appellant has filed a petition for rehearing based on an argument that the Second Circuit misapplied Supreme Court precedent on retroactivity. The decisions in Jaldhi and Hawknet, however, are the law of the Second Circuit and they bind this Court. The Second Circuit has conclusively decided that EFTs are not attachable property, and that the rule is retroactive. I do not have discretion to hold otherwise. See, e.g., Setaf-Segat v.

- 2 -

Cameroon Shipping Lines S.A., No. 09-6714 (S.D.N.Y. Nov. 14,
2009) (Koeltl, J.) (Order); Kolmar Group A.G. v. Traxpo Enter.
Private Ltd., No. 07-10343 (S.D.N.Y. Nov. 18, 2009) (Kaplan, J.)
(Order); Hansa Sonderburg Shipping Corp. v. Hull & Hatch
Logistics LLC, No. 09-7164 (S.D.N.Y. Nov. 16, 2009) (Swain, J.)
(Order).

          Second, although it may be true that an intermediary
bank has placed attached EFT funds into a segregated bank account
that is located in the State of New York, the defendant never
consented to that action.  Because Jaldhi created a retroactive
jurisdictional rule, the initial attachment of defendant's funds
was improper.  Plaintiff may not make an end-run around the
retroactivity of Jaldhi by arguing that the EFT funds have been
"converted" into attachable property.  See e.g., Amarante
Shipping Pte Ltd. v. Kothari Products Ltd, No. 09-7842 (S.D.N.Y.
Oct.20, 2009) (Castel, J.) (Order); Setaf-Segat v. Cameroon
Shipping Lines S.A., No. 09-6714 (S.D.N.Y. Nov. 14, 2009)
(Koeltl, J.) (Order); Kolmar Group A.G. v. Traxpo Enter. Private
Ltd., No. 07-10343 (S.D.N.Y. Nov. 18, 2009) (Kaplan, J.) (Order);
Hansa Sonderburg Shipping Corp. v. Hull & Hatch Logistics LLC,
No. 09-7164 (S.D.N.Y. Nov. 16, 2009) (Swain, J.) (Order).

The order of attachment is vacated and the complaint is dismissed without prejudice.   The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated:   New York, New York
December 9, 2009

DENNY CHIN
United States District Judge

- 4 -